<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| C.D., | Civil Action No. 25-18718 |
| *Plaintiff,* | |
| v. | **OPINION** |
| ROBIN A. MORANTE et al., | February 25, 2026 |
| *Defendants.* | |

**SEMPER**, District Judge.

**THIS MATTER** comes before the Court upon *pro se* Plaintiff C.D.'s ("Plaintiff") Complaint (ECF 1, "Compl.") and Motion for a Temporary Restraining Order, which includes within a Motion to Proceed Under a Pseudonym. (*See* ECF 3, "Mot.") The Court has reviewed the papers and concludes that Plaintiff has not demonstrated, as required by Local Civil Rule 65.1, that issuance of emergency and injunctive relief is warranted. For the reasons stated below, Plaintiff's motion is **DENIED**.

**WHEREAS** on December 17, 2025 Plaintiff filed a twenty-five count complaint against fourteen defendants, including six municipalities, the County of Bergen, and seven public officials in New Jersey. (*See* Compl.) In his Complaint, Plaintiff alleges that Defendant Robin A. Morante, Chief of the Court and Judicial Security Unit for Administrative Office of the Courts in New Jersey ("AOC"), instructed the Judiciary that a Count Sheriff's Officer should accompany Plaintiff when he visits a courthouse. (*Id.* ¶¶ 290-92.) Plaintiff further asserts Chief Morante has blocked him from calling or emailing judges, and that he is only able to correspond with the court in written form (or presumably, through the court's e-filing system). (*Id.* ¶¶ 60-63.) Plaintiff claims that

these limited restrictions have deprived him of the right to access the courts.  (*Id.* ¶ 67.)  He further asserts that the security measures, as well as Chief Morante's dissemination of "fabricated materials" to "municipal police, county dispatch, Superior Court staff, and judicial chambers," have stigmatized him, in violation of the Due Process Clause.  (*Id*. ¶¶ 133-35, 349-50.)  Plaintiff filed the instant Motion for a Temporary Restraining Order, through which he asks this Court to grant his extraordinary request to restrain the Judiciary from instituting certain security measures pending the outcome of this litigation (*see* Mot.); and

**WHEREAS** Chief Morante averred in a certified declaration that she has been "informed of at least twenty incidents of disturbing behavior directed by Plaintiff against judges and Judiciary employees" including "repeated, disrespectful electronic communications, veiled threats of violence, and repeated threats to file civil lawsuits and criminal charges if court staff did not follow his orders."  (ECF 63-1, "Morante Decl." ¶¶ 7-8.)  Some examples of Plaintiff's concerning behavior include asking a Court Administrator over the phone if she was "sleeping with" a judge after sending that Administrator forty-five emails and repeated daily emails (*id.* ¶¶ 10, 15), making threatening statements like "you're a horrendous person, *who deserves everything that you get*" (*id.* ¶ 15), and demeaning a member of the New Jersey Office of Attorney Ethics by asking him, "do you have a mental disability, honestly do you?" (*Id.* ¶ 11.)  On December 27, 2023, in response to Plaintiff's "continuing harassing behavior directed at court staff," Chief Morante informed Plaintiff in writing that her previous directive that he must communicate with Glen Rock Municipal Court staff only in writing via U.S. Mail and to refrain from sending emails, making phone calls or leaving voice messages, would going forward apply generally to Plaintiff's communications with court staff at all AOC facilities.  (*Id.* ¶ 19.)  Chief Morante avers that she has "never ordered, nor do I have the authority to order, a Count Sheriff to assign personnel to

2

escort Plaintiff when he enters a courthouse for a court appearance or any other business." (*Id.* ¶ 20.) Chief Morante also certifies that she has "not restricted Plaintiff's ability to e-file correspondence or any other documents on a municipal court or Superior Court docket" and that Plaintiff retains "the ability to e-file documents on the docket of any municipal court or Superior Court matter to which he is a self-represented party." (*Id.* ¶ 21.) Additionally, Chief Morante describes troubling personal correspondence and threats she received in 2024 and 2025 from Plaintiff, which does <u>not</u> include the "dozens of occasions he has threated me with lawsuits, sending me to prison, and ending my career if I do not follow his demands to allow him to continue to harass court staff members with his repetitive e-mails and phone calls." (*Id.* ¶¶ 23-29); and

**WHEREAS** granting a temporary restraining order pursuant to Federal Rule of Civil Procedure 65 is an "extraordinary remedy" that "should be granted only in limited circumstances." *Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (quoting *Am. Tel. & Tel. Co. v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1427 (3d Cir. 1994)). To determine whether to grant such a remedy, the Court considers four factors: (1) whether the movant has shown "a reasonable probability of eventual success in the litigation[;]" (2) whether the movant "will be irreparably injured . . . if relief is not granted[;]" (3) "the possibility of harm to other interested persons from the grant or denial of the injunction[;]" and (4) whether granting the preliminary relief will be in "the public interest." *Reilly v. City of Harrisburg*, 858 F.3d 173, 176 (3d Cir. 2017) (citing *Del. River Port Auth. v. Transamerican Trailer Transp., Inc.*, 501 F.2d 917, 919-20 (3d Cir. 1974)). The movant bears the burden of showing its entitlement to an injunction. *See Ferring Pharms., Inc. v. Watson Pharms., Inc.*, 765 F.3d 205, 210 (3d Cir. 2014) (citing *Opticians Ass'n of Am. v. Indep. Opticians of Am.*, 920 F.2d 187, 192 (3d Cir. 1990)); and

**WHEREAS** Plaintiff's Complaint has failed to allege facts that establish a likelihood of success on the merits in the litigation, which is a threshold bar to relief here. "To make out the stigma portion of the claim, a plaintiff must allege that the purportedly stigmatizing statements were made publicly and were false." *Zucal v. Cnty. of Lehigh*, 660 F. Supp. 3d 334, 349 (E.D. Pa. 2023) (citing *Hill v. Borough of Kutztown*, 455 F.3d 225, 236 (3d Cir. 2006). The "[p]ublication must be to the general public" and "comments made to officials within the same public institution do not qualify as public dissemination." *Kahan v. Slippery Rock Univ. of Pennsylvania*, 50 F. Supp. 3d 667, 711 (W.D. Pa. 2014) (citing *Yu v. U.S. Dep't of Veterans Affairs*, 528 F. App'x 181, 185 (3d Cir. 2013)). Chief Morante certified that she "never issued a statement to the public regarding Plaintiff or his behavior" (Morante Decl. ¶ 22), which is fatal to success of his stigma-plus claim. Plaintiff's access to the courts claim falls short as well, since Plaintiff has not demonstrated that Chief Morante ordered a Sherriff Officer of any court to escort Plaintiff through judicial facilities (*id.* ¶ 20), and regardless, Plaintiff has failed to explain how an officer escorting him in a courthouse prevents him from pursuing his legal claims in court; and

**WHEREAS** the public interest here clearly favors the security measures remaining in place. The communications restrictions imposed by Chief Morante are justified by Plaintiff's conduct as alleged in the Morante declaration. *See Huminski v. Corsones*, 396 F.3d 53, 86-87 (2d Cir. 2005) ("[C]ourt administrative, judicial, and other officials must at least have the ability to close the courtroom door to any person whom they reasonably think may pose a threat to person, property, or decorum."). Chief Morante has a "duty to ensure the safety of employees of the judiciary, as well as to prevent a litigant from harassing them." (ECF 63, "Opp." at 17.) Any injunction restricting Chief Morante's discretion in ensuring the safety of judiciary employees, or

4

in preventing harassing communications, would undermine those significant public interests. (*See id.*)   Accordingly, Plaintiff's motion for a temporary restraining order is **DENIED**; and

**WHEREAS** Plaintiff also moves this Court to proceed pseudonymously because disclosure of Plaintiff's identity "would exacerbate the very harms at issue, including stigmatization, security labeling, and law-enforcement enforcement based on false premises." (Mot. at 13.)  The identification of *all* parties in federal court is fundamental because the public has the right to know who is utilizing the courts, and because Defendants have the right to confront their accusers.  *See Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011); *see also* Fed. R. Civ. Pro 10(a) (requiring all pleadings to "name all the parties.").  Only in exceptional circumstances should a federal court allow a plaintiff to proceed pseudonymously.  *See id.*  Courts have allowed parties to use fictitious names in cases involving "abortion, birth control, transexuality, mental illness, welfare rights of illegitimate children, AIDS, and homosexuality." *Doe v. Borough of Morrisville*, 130 F.R.D. 612, 614 (E.D. Pa. 1990); *see Doe v. United Servs. Life Ins. Co.*, 123 F.R.D. 437, 439 (S.D.N.Y. 1988) (collecting cases and discussing the widespread public fear of AIDS).  None of those exceptions apply here; and

**WHEREAS** the Third Circuit in *Megless* identified nine factors for district courts to weigh to determine whether a litigant should proceed pseudonymously.  654 F.3d at 409.  The six factors that weigh in favor of anonymity include:

> (1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives.

5

*Id.* (quoting *Doe v. Provident Life & Acc. Ins. Co.,* 176 F.R.D. 464, 467–68 (E.D. Pa. 1997)). The three factors that weigh against anonymity include:

> (1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated.

*Id.* (quoting *Provident Life & Acc. Ins. Co.*, 176 F.R.D. at 467–68). All six factors in favor of anonymity weigh against Plaintiff's request here. Plaintiff has had repeated contact with Defendants (and is inf act seeking unrestricted communication with them), and his identity is readily apparent to all parties and to the public. In fact, the identity of Plaintiff "is critical" to the AOC's continued security measures to protect staff "from individuals who have made threatening comments to court staff or are otherwise a danger to themselves or the public." (ECF 39 at 18-19.) Moreover, litigating publicly would give Plaintiff an opportunity to challenge the false portrayal he alleges in his Complaint as someone "dangerous, emotionally distributed, threatening to judges, and otherwise unstable." (Compl. ¶ 5.) Accordingly, Plaintiff's request to proceed anonymously is **DENIED**. An appropriate order follows.

/s/ *Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig:   Clerk
cc:      Andre M. Espinosa, U.S.M.J.
          Parties