NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| C.D., | Civil Action No. 25-18718 |
| *Plaintiff,* | |
| v. | **OPINION** |
| ROBIN A. MORANTE et al., | June 16, 2026 |
| *Defendants.* | |

**SEMPER**, District Judge.

**THIS MATTER** comes before the Court upon *pro se* Plaintiff C.D.'s[1] ("Plaintiff") Motion for a Preliminary Injunction filed on May 14, 2026.  (ECF 110, "Motion" or "Mot.")  No Defendant in this matter filed a brief opposing the Motion.  The Court has reviewed the Motion and its accompanying exhibits, and concludes that Plaintiff has not demonstrated, as required by Federal Rule of Civil Procedure ("FRCP") 65 and Local Civil Rule 65.1, that issuance of emergency injunctive relief is warranted.  For the reasons stated below, Plaintiff's Motion for a Preliminary Injunction is **DENIED**.

**WHEREAS** on December 17, 2025 Plaintiff filed a twenty-five count complaint against fourteen defendants, including six municipalities, the County of Bergen, and seven public officials in New Jersey.  (*See* ECF 1, "Complaint" or "Compl.")  In his Complaint, Plaintiff alleges that

---

[1] In this Court's Opinion denying Plaintiff's request for a Temporary Restraining Order, Plaintiff was denied the right to proceed in this action under a pseudonym.  (ECF 70.)  The United States Court of Appeals for the Third Circuit affirmed this Court's decision on June 10, 2026, according to Plaintiff's letter motion filed on the same date.  (ECF 134.)  Plaintiff has indicated he seeks to appeal the decision to the Supreme Court of the United States.  (*Id*.)  Therefore, the Court will use Plaintiff's pseudonym in this Opinion and accompanying Order.

1

Defendant Robin A. Morante, Chief of the Court and Judicial Security Unit for Administrative Office of the Courts in New Jersey ("AOC"), instructed the Judiciary that a Court Sheriff's Officer should accompany Plaintiff when he visits a courthouse. (*Id.* ¶ 461.) Plaintiff further asserts Chief Morante blocked him from calling or emailing judges, and that he is only able to correspond with the Court in written form (or presumably, through the Court's e-filing system). (*Id.* ¶¶ 60-63.) Plaintiff claims that these limited restrictions have deprived him of the right to access the courts. (*Id.* ¶ 67.) He further asserts that the security measures, as well as Chief Morante's dissemination of "fabricated materials" to "municipal police, county dispatch, Superior Court staff, and judicial chambers," have stigmatized him, in violation of the Due Process Clause. (*Id.* ¶¶ 133-35, 349-50); and

**WHEREAS** on December 17, 2025, Plaintiff filed a Motion for a Temporary Restraining Order in conjunction with the Complaint. (ECF 3, "TRO Motion" or "TRO Mot.") In the TRO Motion, Plaintiff argued emergency relief was necessary because "[a]bsent immediate relief, Plaintiff will continue to suffer irreparable constitutional injury, including denial of access to the courts, chilling of the right to petition, ongoing stigmatization, and risk of further law-enforcement escalation." (TRO Mot. at 3.) This Court denied Plaintiff's TRO Motion on February 25, 2026 on the ground that Plaintiff has "failed to allege facts that establish a likelihood of success on the merits in the litigation." (ECF 70 at 4); and

**WHEREAS** Plaintiff filed the present Motion for a Preliminary Injunction against Defendant Robin A. Morante in her official capacity, Bergen County, and the Bergen County Sherrif's Office. (Mot.) Plaintiff purports to present new facts that demonstrate his likelihood of success on the merits pursuant to FRCP 65. Plaintiff alleges that on April 8, 2026, he obtained a Bergen County Sheriff's Office Operations Report ("Report") concerning a March 20, 2026

2

incident where he was advised by security at the Bergen County courthouse that he was "not permitted to be in the building" as advised by "Judge Antoniewicz and staff." (*Id*. at 2.)  Plaintiff alleges he was further advised that "his verbal communication with the court would be limited pursuant to the December 11, 2025 Nadler letter," which requires Plaintiff to communicate to court staff through mail due to the fact courthouse security has received numerous security complaints about Plaintiff.  (*Id*. at 2.)  Defendant claims this Report is "newly obtained objective government evidence confirming that the challenged non judicial court-access restriction regime remains active, is operationally enforced through courthouse security personnel, and caused concrete court-access injury" to Plaintiff.  (Mot. at 2.)  Plaintiff also argues that the requirement that he communicate to the courthouse using the mail is "constitutionally inadequate." (*Id*.); and

**WHEREAS** a district court's  decision to grant preliminary relief is governed by FRCP 65.  Such relief is an "extraordinary remedy" that "should be granted only in limited circumstances." *Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (quoting *Am. Tel. & Tel. Co. v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1427 (3d Cir. 1994)).  To determine whether to grant such a remedy, the Court considers four factors: (1) whether the movant has shown "a reasonable probability of eventual success in the litigation[;]" (2) whether the movant "will be irreparably injured . . . if relief is not granted[;]" (3) "the possibility of harm to other interested persons from the grant or denial of the injunction[;]" and (4) whether granting the preliminary relief will be in "the public interest." *Reilly v. City of Harrisburg*, 858 F.3d 173, 176 (3d Cir. 2017) (citing *Del. River Port Auth. v. Transamerican Trailer Transp., Inc.*, 501 F.2d 917, 919-20 (3d Cir. 1974)).  The movant bears the burden of showing its entitlement to an injunction. *See Ferring Pharms., Inc. v. Watson Pharms., Inc.*, 765 F.3d 205, 210 (3d Cir. 2014) (citing *Opticians Ass'n of Am. v. Indep. Opticians of Am.*, 920 F.2d 187, 192 (3d Cir. 1990)); and

3

**WHEREAS** this Court has evaluated Plaintiff's Motion and its supporting documentation and has found that Plaintiff is unlikely to succeed on the merits of his access to the courts claim. To establish a claim for denial of the right to access courts (a cause of action typically pursued by incarcerated persons) a plaintiff must show "(1) that [he] suffered an 'actual injury'—that [he] lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim and (2) that he has no remedy 'other than in the present denial of access suit.'" *Monroe v. Superintendent Coal Tp. SCI*, 507 F. App'x 109, 111 (3d Cir. 2015) (citing *Christopher v. Harbury*, 536 U.S. 403, 415 (2002)). The Court holds that Plaintiff has not adequately pled an underlying cause of action with respect to a claim  he is unable to pursue due to the security measures imposed on him. Plaintiff fails to meet an essential element of his cause of action and cannot succeed on the merits of his claim. Therefore, the Court need not analyze the other three factors in this Opinion denying emergency relief; and

**WHEREAS** Plaintiff's claim that he was unable to "use regular mail to stop or mitigate the immediate review, retention, dissemination, or use of sealed in-camera materials" does not in and of itself present an underlying cause of action. (Mot. at 2.) Furthermore, Defendant Robin A. Morante stated in her sworn declaration that she has "not restricted Plaintiff's ability to e-file correspondence or any other documents on a municipal court or Superior Court docket" and that Plaintiff retains "the ability to e-file documents on the docket of any municipal court or Superior Court matter to which he is a self-represented party" thereby ensuring Plaintiff has available means to pursue legitimate claims. (ECF 63-1, "Morante Decl." ¶ 21.) Thus, Plaintiff has other remedies to obtain relief, and need not file this suit in order to file claims in New Jersey courts. The fact that Plaintiff is unsatisfied with the restrictions imposed on him does not present in and of itself an access claim or an underlying cause of action satisfying the first element of an access claim; and

**WHEREAS** it remains in the public interest to ensure courthouse security officers have the means to ensure the safety of judicial officers, staff, and members of the public. *See, e.g., Huminski v. Corsones*, 396 F.3d 53, 86-87 (2d Cir. 2005) ("[C]ourt administrative, judicial, and other officials must at least have the ability to close the courtroom door to any person whom they reasonably think may pose a threat to person, property, or decorum.")  The Court finds it inappropriate, as well as unsupported by persuasive precedent, to grant Plaintiff the relief he requests.  Accordingly, Plaintiff's Motion for a Preliminary Injunction is **DENIED.**  An appropriate order follows.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig: Clerk
cc:  Andre M. Espinosa, U.S.M.J.
       Parties

5