C.D.
Plaintiff.Confidential@gmail.com

---

June 16, 2026

The Honorable Jamel K. Semper
United States District Judge
Martin Luther King Jr. Federal Bldg & U.S. Courthouse
50 Walnut Street, Room 4015
Newark, New Jersey 07101

**Re:  C.D. v. Morante et al.**
**Civil Action No.: 2:25-cv-18718-JKS-AME**

Dear Judge Semper:

Plaintiff respectfully writes regarding the Court's May 28, 2026 Text Order, which directed Defendant Morante to file her response to Plaintiff's pending preliminary-injunction motion by June 15, 2026, and directed Plaintiff to file any reply by June 22, 2026.

As of approximately 11:00 a.m. on June 16, 2026, no response by Defendant Morante appears on the docket.

Plaintiff is also actively seeking relief in the United States Court of Appeals for the Third Circuit concerning the pseudonym issue. Because public disclosure of Plaintiff's legal name would irreversibly defeat or moot the relief Plaintiff continues to seek on appeal, Plaintiff respectfully submits that filing under his legal name would irreversibly moot or substantially impair the appellate relief he continues to seek.

Plaintiff further notes that the Third Circuit's recent ruling did *not* follow merits briefing by Plaintiff on the pseudonym issue. The Third Circuit requested procedural and jurisdictional briefing from the parties, which Plaintiff provided. Plaintiff was *not* afforded an opportunity to submit full merits briefing on the pseudonym issue before the ruling issued. By contrast, Defendant Borough of Hawthorne submitted *merits-based opposition* concerning pseudonym protection, which appears to have been considered. Plaintiff is therefore continuing to seek appropriate relief in the Third Circuit, including relief necessary to preserve the status quo and prevent irreversible disclosure while the pseudonym issue remains subject to further appellate proceedings.

Plaintiff is *not* refusing to comply with this Court's orders. To the contrary, Plaintiff complied with the Court's May 28, 2026 Text Order by filing the required Affidavit Regarding Use of Artificial Intelligence Systems, which was docketed as ECF No. 136[1]. Plaintiff's present concern is narrower: preserving appellate rights concerning the pseudonym issue while avoiding irreversible disclosure that would effectively moot the relief still being sought in the Third Circuit. Unlike the AI-affidavit requirement, which Plaintiff was able to satisfy without compromising the subject of the pending appeal, *public disclosure of Plaintiff's identity cannot later be undone*.

The present posture places Plaintiff in an untenable compliance trap: filing publicly under his legal name would destroy the relief sought on appeal, while filing under the pseudonym could be construed as noncompliance with the district-court pseudonym ruling.

---

[1] With regards to today's Text Order (ECF 137), Plaintiff respectfully clarifies that his June 10 Affidavit stated *only* that he has held a law degree for more than fifteen years and is personally responsible for his filings; Plaintiff is appearing *pro se* and did *not* represent that he is appearing as counsel or as a practicing attorney, *or* that he is an experienced attorney.

That issue is especially acute because Defendant Morante has repeatedly received procedural leniency for missed or extended deadlines. This occurred even during the emergency TRO posture, when Defendant Morante did not timely respond by the Court-ordered deadline, and only later sought extensions after the deadline had passed. The Court granted those requests, nonetheless. More recently, the Court's May 28, 2026 Text Order again extended Defendant Morante's time to respond to Plaintiff's preliminary-injunction motion, while also recognizing the Court's interest in resolving the pending motion in a timely manner.

Plaintiff raises this history not to relitigate prior scheduling decisions, but because the present posture creates a serious asymmetry. Defendant Morante's missed or extended deadlines have been treated with leniency. Plaintiff, by contrast, is now constrained by an unresolved and actively appealed pseudonym issue that prevents him from safely filing further public submissions without risking irreversible disclosure of the very identity protection still being pursued on appeal.

Plaintiff respectfully submits that the preliminary-injunction motion should not remain stalled indefinitely due to Defendant Morante's failure to file by the Court-ordered deadline, particularly where Plaintiff's ability to reply is complicated by the pending appellate proceedings.

Accordingly, Plaintiff respectfully requests that the Court either: (1) deem the preliminary-injunction motion submitted on the existing record; (2) clarify how Plaintiff may preserve his appellate rights while complying with district-court filing requirements; (3) permit Plaintiff to file any reply in further support of the preliminary-injunction motion under the pseudonym "C.D." solely as an interim, status-preserving measure pending resolution of Plaintiff's ongoing Third Circuit efforts concerning pseudonym protection; or (4) set a prompt procedure that avoids forcing Plaintiff to choose between district-court compliance and irreversibly mooting the relief still being sought in the Third Circuit.

Plaintiff does *not* seek by this request to relitigate the Court's pseudonym ruling. Plaintiff seeks *only* a limited, temporary filing accommodation to preserve the status quo while appellate relief remains pending and to ensure that Plaintiff is not deprived of a meaningful opportunity to reply *if* Defendant Morante is permitted to file late.

Respectfully submitted,

_____

C.D., Plaintiff, *pro se*